**UNITED STATES DISTRICT COURT**
**IN THE NORTHERN DISTRICT OF OKLAHOMA**

**1) FRICKER'S PROGRESSIVE CONCEPTS, INC., d/b/a FRICKER'S**
228 Byers Road, Suite 101
Miamisburg, OH 45342

Plaintiff,

**1) FRIKN COFFEE LLC**
416 W Main Street
Pawhuska, OK 74056

Defendant.

Case No.: 26-cv-00590-MTS

Judge: Mark T. Steele

**<u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>**

Plaintiff Fricker's Progressive Concepts, Inc., d/b/a Fricker's ("**Fricker's**"), seeks injunctive and monetary relief against Defendant Frikn Coffee LLC ("**Frikn Coffee**" or "**Defendant**") from its infringement of Fricker's well-known FRICKIN'® mark for food, restaurant services, and related goods and services. Defendant uses and has obtained federal registration of the mark POWERED BY FRIKN on energy drinks enhanced with coffee. Fricker's has been compelled to bring this action because it objected to Defendant's conduct, but Defendant refused to cease use of the mark POWERED BY FRIKN or to forgo efforts to maintain its federal registration of the mark for energy drinks enhanced with coffee. Defendant's infringement is willful and is expanding. Defendant's misconduct violates the Lanham Act, 15 U.S.C. § 1051 *et seq.* and related laws of the State of Oklahoma for trademark infringement, deceptive trade practices, unfair competition, and unjust enrichment.

## THE PARTIES

1. Plaintiff Fricker's Progressive Concepts, Inc., d/b/a Fricker's is an Ohio corporation with a principal place of business at 228 Byers Road, Suite 101, Miamisburg, Ohio 45342. Fricker's has used its FRICKIN'® mark in connection with food, beverages, and merchandise offered at its restaurant franchise since at least 1992.

2. Upon information and belief, Defendant Frikn Coffee LLC is an Oklahoma limited liability company doing business as Powered by Frikn, with its principal place of business at 515 Trumbly Avenue, Pawhuska, Oklahoma 74056.

3. The address listed for Defendant in the case caption (416 W Main Street, Pawhuska, Oklahoma 74056) is the address identified in the Oklahoma Secretary of State Office's online records for service of process.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the claims in this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. Supplemental jurisdiction over the state law claims asserted is pursuant to 28 U.S.C. §1367.

5. Defendant is subject to this Court's personal jurisdiction because it transacts and does business within the State of Oklahoma and this District and is committing the tortious acts specified herein within the State of Oklahoma and this District, which have caused and will cause injury to Fricker's.

6. Venue is proper under 28 U.S.C. §§ 1391(b)(1), 1391(b)(2), and 1391(c).

## FACTUAL ALLEGATIONS

### A. Fricker's and its Federally Registered FRICKIN' Marks

7. Since 1985, Fricker's has operated family restaurants and sports bars. To date, the Fricker's franchise has 23 restaurants across three states. Fricker's enjoys success and growth as a result of the company's dedication to excellence and its promotion and protection of its valuable trademarks.

8. Fricker's serves customers who visit the restaurants from across the United States.

9. Fricker's uses numerous trademarks in advertising, promoting, and selling its food, beverages, and restaurant services. Among these is its FRICKIN'® mark, which has been used since at least as early as 1992 in multiple food and beverage contexts, including Fricker's well-known FRICKIN' CHICKEN® wings, FRICKIN' beer, and FRICKIN' sauces.

10. Fricker's is also the owner of registered and common law rights to the FRICKIN'® mark in connection with food, beverages, and restaurant services (collectively, "**FRICKIN' Marks**"). Representative examples of Fricker's U.S. FRICKIN' Marks are shown below:

| **Mark<br>Reg. No.<br>App. No.** | **Status/Key Dates** | **Full Goods/Services** |
|---|---|---|
| FRICKIN'<br><br>Reg. No.:<br>2156001<br>App. No.:<br>75043945 | Int'l Class: 42<br>First Use: 1992<br>Filed: Jan. 16, 1996<br>Registered: May 12, 1998<br>*Incontestable* | (Int'l Class: 42)<br>restaurant services |
| FRICKIN'<br><br>Reg. No.:<br>5999387<br>App. No.:<br>85532746 | Int'l Class: 43<br>First Use: 1992<br>Filed: Feb. 2, 2012<br>Registered: Mar. 3, 2020<br>*Incontestable* | (Int'l Class: 43)<br>restaurant and bar services |

| **Mark**<br>**Reg. No.**<br>**App. No.** | **Status/Key Dates** | **Full Goods/Services** |
|---|---|---|
| FRICKIN'<br><br>Reg. No.:<br>7453939<br>App. No.:<br>97914868 | Int'l Class: 30<br>First Use: 2009<br>Filed: May 1, 2023<br>Registered: July 23, 2024 | (Int'l Class: 30)<br>Bakery goods and dessert items, namely, churros, cake, cinnamon bread, funnel fries, and pie for consumption on or off the premises |
| FRICKIN'<br><br>Reg. No.:<br>3182929<br>App. No.:<br>78654261 | Int'l Class: 29<br>First Use: 2003<br>Int'l Class: 30<br>First Use: April, 1992<br>Filed: Jun. 20, 2005<br>Registered: Dec. 12, 2006<br>*Incontestable* | (Int'l Class: 29)<br>chicken wings; prepared food for consumption on and off the premises, namely, restaurant menu items in the nature of entrees, side dishes and appetizers consisting primarily of poultry and meat; prepared food for consumption on and off the premises, namely, restaurant menu items in the nature of chicken salads<br>(Int'l Class: 30)<br>sauces; prepared food for consumption on and off the premises, namely, restaurant menu items in the nature of entrees and side dishes consisting primarily of pasta or pasta salad; prepared food for consumption on and off the premises, namely, restaurant menu items in the nature of sandwiches and chicken sandwiches |
| FRICKIN'<br><br>Reg. No.:<br>5497986<br>App. No.:<br>77681549 | Int'l Class: 32<br>First Use: 1996<br>Filed: Mar. 2, 2009<br>Registered: Jun. 19, 2018<br>*Incontestable* | (Int'l Class: 32)<br>Beer |
| FRICKIN'<br><br>Reg. No.:<br>4109449<br>App. No.:<br>78750978 | Int'l Class: 25<br>First Use: 1992<br>Filed: Nov. 10, 2005<br>Registered: Mar. 6, 2012 | (Int'l Class: 25)<br>Clothing, namely, t-shirts and sweatshirts |

| **Mark<br>Reg. No.<br>App. No.** | **Status/Key Dates** | **Full Goods/Services** |
|---|---|---|
| FRICKIN'<br><br>App. No.:<br>50091395 | Int'l Class: 32<br>Filed: Sept. 4, 2026 | (Int'l Class: 32)<br>energy drinks; concentrates for making energy drinks; syrups for making energy drinks; starch-based dry mixes for making energy drinks |
| FRICKIN'<br>CHICKEN<br><br>Reg. No.:<br>4608648<br>App. No.:<br>86132977 | Int'l Class: 29, 30<br>First Use: Dec. 31, 2003<br>Filed: Dec. 2, 2013<br>Registered: Sept. 23, 2014<br>*Incontestable* | (Int'l Class: 29)<br>prepared food for consumption on and off the premises in the nature of restaurant menu items, namely, chicken wings, chicken chunks, chicken salad, and dips for chicken wings and chicken chunks<br>(Int'l Class: 30)<br>prepared food for consumption on and off the premises in the nature of restaurant menu items, namely, chicken sandwiches, wraps, nachos, quesadillas, pizza |
| FRICKIN'<br>CHICKEN<br><br>Reg. No.:<br>1826515<br>App. No.:<br>74377656 | Int'l Class: 30<br>First Use: Apr. 1992<br>Filed: Apr. 12, 1993<br>Registered: Mar. 15, 1994<br>*Incontestable* | (Int'l Class: 30)<br>chicken sandwiches for consumption on or off the premises |
| FRICKIN'<br>CHICKEN<br>SLIDERS<br><br>Reg. No.:<br>3772455<br>App. No.:<br>77493324 | Int'l Class: 30<br>First Use: Aug., 2008<br>Filed: Jun. 6, 2008<br>Registered: Apr. 6, 2010<br>*Incontestable* | (Int'l Class: 30)<br>restaurant menu items, namely, chicken sandwiches for consumption on or off the premises |

| **Mark<br>Reg. No.<br>App. No.** | **Status/Key Dates** | **Full Goods/Services** |
|---|---|---|
| FRICKIN' DIPPIN' SAUCES<br><br>Reg. No.: 3038178<br>App. No.: 76515965 | Int'l Class: 30<br>First Use: 2004<br>Filed: May 21, 2003<br>Registered: Jan. 3, 2006<br>*Incontestable* | (Int'l Class: 30)<br>sauces |
| FRICKIN' KICKER<br><br>Reg. No.: 3747089<br>App. No.: 76480636 | Int'l Class: 29,30<br>First Use: Mar. 23, 2004<br>Filed: Jan. 7, 2003<br>Registered: Feb. 9, 2010<br>*Incontestable* | (Int'l Class: 29)<br>chicken wings; prepared food for consumption on and off the premises, namely, restaurant menu items in the nature of entrees, side dishes and appetizers consisting primarily of poultry, or meat<br>(Int'l Class: 30)<br>sauces; prepared food for consumption on and off the premises, namely, restaurant menu items in the nature of prepared food for consumption on and off the premises, namely, sandwiches and chicken sandwiches |
| FRICKIN' KILLER<br>Reg. No.: 2977151<br>App. No.: 76480699 | Int'l Class: 29,30<br>First Use: Mar. 23, 2004<br>Filed: Jan. 7, 2003<br>Registered: Jul. 26, 2005<br>*Incontestable* | (Int'l Class: 29)<br>chicken wings; prepared food for consumption on and off the premises, namely, restaurant menu items in the nature of entrees, side dishes and appetizers consisting primarily of poultry and meat; prepared food for consumption on and off the premises, namely, restaurant menu items in the nature of chicken salads<br>(Int'l Class: 30)<br>sauces; prepared food for consumption on and off the premises, namely, restaurant menu items in the nature of consisting primarily of pasta or pasta salad; prepared food for consumption on and off the premises, namely, restaurant menu items in the nature sandwiches and chicken sandwiches |

| **Mark**<br>**Reg. No.**<br>**App. No.** | **Status/Key Dates** | **Full Goods/Services** |
| --- | --- | --- |
| FRICKIN LICKIN LICIOUS<br>Reg. No.: 3344603<br>App. No.: 76472512 | Int'l Class: 29<br>First Use: Jun., 2006<br>Filed: Dec. 5, 2002<br>Registered: Nov. 27, 2007<br>*Incontestable* | (Int'l Class: 29)<br>prepared food, namely, restaurant menu items for consumption on and off the premises, namely, meat |
| FRICKIN' LITTLE KICKER<br><br>Reg. No.: 3531359<br>App. No.: 76480635 | Int'l Class: 29,30<br>First Use: Mar. 23, 2004<br>Filed: Jan. 7, 2003<br>Registered: Nov. 11, 2008<br>*Incontestable* | (Int'l Class: 29)<br>chicken wings; prepared food for consumption on and off the premises, namely, restaurant menu items in the nature of entrees, side dishes and appetizers consisting primarily of poultry and meat<br>(Int'l Class: 30)<br>sauces; prepared food for consumption on and off the premises, namely, restaurant menu items in the nature sandwiches and chicken sandwiches |
| FRICKIN' X-SCREAM<br><br>Reg. No.: 3182928<br>App. No.: 78654200 | Int'l Class: 30<br>First Use: Mar. 1, 2005<br>Filed: Jun. 20, 2005<br>Registered: Dec. 12, 2006<br>*Incontestable* | (Int'l Class: 30)<br>sauces |
| PARKMOOR DIXIE GOLDEN FRICKIN' FRIED CHICKEN<br><br>Reg. No.: 3865365<br>App. No.: 77757347 | Int'l Class: 29<br>First Use: Jul. 19, 2010<br>Filed: Jun. 11, 2009<br>Registered: Oct. 19, 2010<br>*Incontestable* | (Int'l Class: 29)<br>menu items, namely, chicken, for consumption on or off the premises |

| **Mark**<br>**Reg. No.**<br>**App. No.** | **Status/Key Dates** | **Full Goods/Services** |
|---|---|---|
| RAY'S BIG FRICKIN' FRIED BOLOGNA 'N CHEESE SANDWICH<br><br>Reg. No.: 5889405<br>App. No.: 88338517 | Int'l Class: 30<br>First Use: April, 2019<br>Filed: Mar. 13, 2019<br>Registered: Oct. 22, 2019<br>*Incontestable* | (Int'l Class: 30)<br>prepared food for consumption on and off the premises, namely, restaurant menu items in the nature of sandwiches |
| DIXIE PARKMOOR GOLDEN FRICKIN' FRIED CHICKEN<br><br>Reg. No.: 3865366<br>App. No.: 77757348 | Int'l Class: 29<br>First Use: Jul. 19, 2010<br>Filed: Jun. 11, 2009<br>Registered: Oct. 19, 2010 | (Int'l Class: 29)<br>Menu items, namely, chicken, for consumption on or off the premises |
| FAN-FRICKIN'-TASTIC<br><br>Reg. No.: 4841691<br>App. No.: 85752088 | Int'l Class: 43<br>First Use: 2013<br>Filed: Dec. 11, 2012<br>Registered: Oct. 27, 2015<br>*Incontestable* | (Int'l Class: 43)<br>Restaurant and bar services, serving menu items for consumption on or off the premises |

11. Fricker's registrations, identified in the chart above, are valid and subsisting and constitute prima facie evidence of the validity thereof and of Fricker's ownership and exclusive right to use the FRICKIN' Marks. Fricker's registrations are constructive notice of Fricker's ownership thereof, as provided by §§ 7(b) and 22 of the Federal Trademark Act of 1946, as amended. Additionally, many of these registrations are incontestable under 15 U.S.C. § 1065 and

are conclusive evidence of the validity of the registered marks, of Fricker's ownership of the marks, and of Fricker's exclusive right to use the marks with the covered goods and services. Printouts from the U.S. Patent and Trademark Office ("**USPTO**") online database for the applications and registrations in the chart above are attached as composite **Exhibit 1**.

12. Among other goods and services, the FRICKIN'® mark is used in connection with the sale of food for consumption on or off Fricker's premises.

13. Fricker's serves coffee in its restaurants in coffee cups branded with the FRICKIN' mark, and Fricker's menus offer FRICKIN' coffee.

14. Fricker's sells fountain energy drinks in its restaurants and is considering expanding its offering of energy drinks to include a packaged product not sold from the fountain.

15. FRICKIN'® is also used in connection with the sale of merchandise, including T-shirts and sweatshirts.

16. Food, beverages, and desserts can be ordered for pickup or delivery online via Fricker's website.

17. Fricker's sells bottled sauces and other gift items on its website, as shown below, and which are shipped nationwide:




**Fricker's Sauce**

From our ever popular BBQ sauce to our drop dead Killer, we have the sauce for you. Our sauces are the perfect compliment to every meal. Pick up your bottle today and remember they make great gifts as well!




**Fricker's 16oz Beer Glass**

Perfect size for 16 ounces of beer just like in our restaurants! Single glass with the Fricker's logo. Pick up your glass up today and remember they make great gifts as well!




**Traditional Gift Card**

Available in any denomination and delivered within 5-6 business days. Can be shipped to you or the gift recipient.




**Really Big Frickin' Beer Glass**

Perfect size for 22 ounces of beer just like in our restaurants! Single glass with the Fricker's logo. Pick up your glass up today and remember they make great gifts as well!

18. Fricker's markets and advertises its FRICKIN'® goods and services online, including via its website at www.frickers.com, social media, including Instagram and Facebook, and through radio, television, and at live sporting events.

19. As a result of Fricker's long and continuous use of the FRICKIN' Marks and its substantial and significant investment in advertising and promoting goods and services under the FRICKIN' Marks, the FRICKIN' Marks have become well-known as uniquely associated with Fricker's and are an indication of origin.

**B. Defendant's Unlawful Conduct**

20. On information and belief, Defendant was formed as a limited liability company in the State of Oklahoma on March 29, 2021.

21. In or about 2023, Fricker's learned Defendant intended to use the mark POWERED BY FRIKN in connection with energy drinks enhanced with coffee when an agent for Defendant contacted Fricker's for permission to use "FRIKN" in connection with its business.

22. Defendant attempted to federally register FRIKN (Stylized) (U.S. Application Serial No. 90630391) and FRIKN COFFEE (U.S. Application Serial No. 90626062), both for "retail store services featuring hot and cold beverages, namely, coffee, tea and cocoa," but on November 29, 2021, the USPTO refused registration of those marks due to a likelihood of consumer confusion with Fricker's federally registered FRICKIN'® marks. As a result, Defendant abandoned those registration efforts.

23. In an effort to overcome the USPTO refusals of registration, Defendant requested Fricker's consent to its attempted registration of FRIKN (Stylized) and FRIKN COFFEE for "retail store services featuring hot and cold beverages, namely, coffee, tea and cocoa."

24. On April 24, 2023, Fricker's responded to Defendant's request for consent via a letter from its legal counsel which explained Fricker's rights in the FRICKIN' Marks and unequivocally placed Defendant on notice that Fricker's objects to its use and registration of any FRIKN mark – including FRIKN (Stylized), FRIKN COFFEE, and POWERED BY FRIKN – in connection with food, beverages, coffee shops, or restaurants.

25. On information and belief, Defendant's attempts to register FRIKN (Stylized), FRIKN COFFEE, and POWERED BY FRIKN demonstrate that the Defendant's business plans center around a naming and branding convention that emphasizes FRIKN.

26. Despite early notice that Fricker's objects to Defendant's use and registration of FRIKN, Defendant refused to stop and proceeded to obtain registration of POWERED BY FRIKN.

27. Defendant filed a federal registration application in the USPTO seeking registration of the mark, with details shown below:

| **Mark**<br>**Reg. No.**<br>**App. No.** | **Status/Key Dates** | **Full Goods/Services** |
|---|---|---|
| POWERED BY FRIKN<br><br>Reg. No.: 7108619<br>App. No.: 90768751 | Int'l Class: 032<br>First Use: Feb. 18, 2023<br>Filed: June 11, 2021<br>Registered: July 11, 2023 | (Int'l Class: 32)<br>Energy drinks enhanced with coffee |

28. By the time Fricker's learned of Defendant's application seeking to register POWERED BY FRIKN, the opposition period had closed. Fricker's had no choice but to wait and seek to cancel the registration after it was issued.

29. The mark POWERED BY FRIKN was registered on the principal register on July 11, 2023.

30. Given the highly similar trademarks and nature of the goods at issue, on December 18, 2023, Fricker's initiated cancellation proceedings with the Trademark Trial and Appeal Board. These proceedings have not yet concluded.

31. The authority of the TTAB is limited. The TTAB can only decide whether Defendant is entitled to maintain its registration for POWERED BY FRIKN. Fricker's has come to realize that this remedy alone is insufficient, as Defendant has refused to curb its infringing conduct.

32. Fricker's also expects that Defendant's registration for POWERED BY FRIKN will be cited by the USPTO as a bar to registration of Fricker's FRICKIN' mark on energy drinks and related goods.

33. The descriptive wording "POWERED BY" in the mark POWERED BY FRIKN is not distinctive and will make little or no impression on consumers. Rather, "FRIKN" is the dominant portion of Defendant's mark POWERED BY FRIKN and consumers will perceive it as having the most brand significance when confronted with Defendant's mark in commerce.

34. Defendant's marketing emphasizes FRIKN, as shown in the examples from Defendant's marketing below:






35. On information and belief, Defendant intends to continue and expand the POWERED BY FRIKN business, including by offering merchandise for sale.

36. On information and belief, Defendant's principal place of business is less than one mile from tourist destinations that attract visitors from around the country, including but not limited to The Pioneer Woman Mercantile and the Ben Johnson Cowboy Museum.

37. Defendant's use of POWERED BY FRIKN is not authorized by Fricker's in any manner.



8647934.1

38. Defendant's continued use of POWERED BY FRIKN is willful.

39. Defendant's conduct has caused and will continue to cause irreparable injury to Fricker's goodwill and reputation, for which Fricker's has no adequate remedy at law.

**COUNT I**
**TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**

40. Fricker's incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

41. Fricker's use of the federally registered FRICKIN' Marks predates any alleged first use by Defendant.

42. Defendant's use of the mark POWERED BY FRIKN in connection with energy drinks enhanced with coffee and related goods and services is likely to deceive and cause confusion and mistake among consumers as to the source or origin of the goods provided or offered for sale by Defendant and the sponsorship or endorsement of those goods and services by Fricker's.

43. Defendant's use of the POWERED BY FRIKN mark in connection with energy drinks enhanced with coffee and related goods and services is likely to deceive and cause confusion and mistake among consumers as to the source or origin of the goods and services provided by Fricker's and the sponsorship or endorsement of those goods by Defendant.

44. Fricker's has never authorized, licensed, or otherwise condoned or consented to Defendant's use of the mark POWERED BY FRIKN.

45. Defendant has misappropriated and continues to misappropriate Fricker's substantial property rights in the FRICKIN' Marks, as well as the goodwill associated therewith.

46. The acts of Defendant alleged above were committed willfully, with full knowledge of Fricker's rights, and with the intention to deceive and mislead the public.

47. The acts of Defendant alleged above were committed willfully, with full knowledge of Fricker's rights and with the intention of misappropriating and wrongfully trading upon the valuable goodwill and reputation of Fricker's and the FRICKIN' Marks.

48. Defendant will continue its ongoing acts of trademark infringement, causing irreparable injury to Fricker's, unless such activities are enjoined by this Court.

49. As a direct and proximate result of Defendant's unlawful activities, Fricker's has and continues to suffer damages in an amount that is not presently ascertainable but will be determined at trial.

## COUNT II
## UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING (15 U.S.C. § 1125(A)(1))

50. Fricker's incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

51. Defendant's use of POWERED BY FRIKN in connection with energy drinks enhanced with coffee and related goods and services is likely to deceive and cause confusion among consumers as to the source or origin of the goods and services provided or offered for sale by Defendant and the sponsorship or endorsement of those goods and services by Fricker's.

52. Fricker's has never authorized, licensed, or otherwise condoned or consented to Defendant's use of the FRICKIN' Marks or the POWERED BY FRIKN mark.

53. Defendant has misappropriated and continues to misappropriate Fricker's substantial property rights in the FRICKIN' Marks, as well as the goodwill associated therewith. Unless restrained and enjoined by this Court, such conduct will permit Defendant to gain an unfair competitive advantage over Fricker's and allow Defendant to improperly interfere with Fricker's continued promotion and expansion of its business.

54. The acts of Defendant alleged above were committed willfully, with full knowledge of Fricker's rights and with the intention to deceive and mislead the public.

55. The acts of Defendant alleged above were committed willfully, with full knowledge of Fricker's rights and with the intention of misappropriating and wrongfully trading upon the valuable goodwill and reputation of Fricker's and the FRICKIN' Marks.

56. Defendant will continue its ongoing acts of trademark infringement, causing irreparable injury to Fricker's, unless this Court enjoins such activities.

57. As a direct and proximate result of Defendant's unlawful activities, Fricker's has and continues to suffer damages in an amount that is not presently ascertainable but will be determined at trial.

**COUNT III**
**OKLAHOMA DECEPTIVE TRADE PRACTICES ACT (OK ST T. 78 §§ 51 *et seq.*)**

58. Fricker's incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

59. Defendant, through its above-described conduct in the course of its business, has engaged in deceptive trade practices within the meaning of the Oklahoma Deceptive Trade Practices Act, 78 Okla. Stat. §§ 51–56, including by passing off its goods or services as those of another and knowingly making false representations as to the source, sponsorship, approval, affiliation, connection, or association of its goods and services, and using deceptive representations or designations of geographic origin in connection with goods or services.

60. Defendant's use of POWERED BY FRIKN creates a likelihood that consumers will believe Defendant's goods and services are provided, sponsored, endorsed, approved, or authorized by or affiliated, connected, or associated with Fricker's.

61. On information and belief, Defendant's conduct is calculated to increase its own business and profits by confusing members of the public, thereby allowing Defendant to misappropriate the valuable goodwill of the FRICKIN' Marks and unfairly compete with Fricker's in violation of Oklahoma law. Defendant's conduct is knowing, willful, and likely to continue unless enjoined.

62. Fricker's has been damaged and is likely to continue to be damaged by Defendant's deceptive trade practices. Pursuant to 78 Okla. Stat. § 54(A), Fricker's is entitled to prevent, restrain, and enjoin those practices.

63. Because Defendant has willfully engaged in deceptive trade practices, Fricker's is further entitled to an award of reasonable attorney fees under 78 Okla. Stat. § 54(C), together with all additional remedies available under Oklahoma common law and other statutes pursuant to 78 Okla. Stat. § 54(D).

**COUNT IV**
**COMMON LAW UNFAIR COMPETITION**

64. Fricker's incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

65. Fricker's and Defendant are competitors as both offer the same goods and services.

66. Defendant's actions as set forth herein are designed to unfairly compete with Fricker's and constitute unfair competition under the common law of the state of Oklahoma.

67. Upon information and belief, Defendant has made and will continue to make substantial profits and gains that it is not entitled to in law or equity.

68. Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

69. Defendant's acts have damaged and will continue to damage Fricker's, and Fricker's has no adequate remedy at law.

**COUNT V**
**COMMON LAW UNJUST ENRICHMENT**

70. Fricker's incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

71. Benefits have been conferred upon Defendant by Defendant's unauthorized use of the FRICKIN' Marks. Defendant has received benefits by avoiding the labor and expense of independently developing a source designating mark and the goodwill associated therewith.

72. Defendant has appreciated, accepted, and retained these benefits.

73. Upon information and belief, Defendant has further benefited by selling services they would not otherwise have been able to sell. It is inequitable for Defendant to retain these benefits without the payment of value to Fricker's.

74. Defendant has been unjustly enriched at Fricker's expense.

75. Defendant's activities as described above constitute unjust enrichment under the common law of the State of Oklahoma.

**PRAYER FOR RELIEF**

WHEREFORE, Fricker's prays that this Court enter judgment in its favor against Defendant as follows:

A. That Fricker's rights in and to the FRICKIN' Marks are valid, enforceable, and have been infringed by Defendant, and that the Court order cancellation of U.S. Registration No. 7108619 for the mark POWERED BY FRIKN pursuant to 15 U.S.C. 1119;

B. That Defendant has willfully infringed upon Fricker's rights;

C. That Defendant, its agents, servants, employees, and all persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from:

(1) Using any of the FRICKIN' Marks or colorable imitations thereof and other designs, designations, and indicia, including but not limited to any name or mark containing the word "FRIKN" or any variations thereof, which are likely to cause confusion, mistake, or deception with respect to Fricker's rights;

(2) Advertising under the FRICKIN' Marks or colorable imitations thereof, including the source code for any websites, or other designs, designations, and indicia which are likely to cause confusion, mistake, or deception with respect to Fricker's rights;

(3) Informing customers or potential customers that Defendant is, or is affiliated with, Fricker's in any way;

(4) Operating any domain name containing the word "FRIKN" or any variations thereof, which are likely to cause confusion, mistake, or deception with respect to Fricker's rights;

(5) Using the designation "FRIKN" or any variations thereof within meta-tags for, or as html/source codes for, Defendant's websites, or buying key words for advertising online containing "FRIKN" or any variations thereof, which are likely to cause confusion, mistake, or deception with respect to Fricker's rights; and

(6) Otherwise infringing on Fricker's rights in the FRICKIN' Marks and competing unfairly with Fricker's.

(D) Pursuant to 15 U.S.C. § 1118, that Defendant deliver to Plaintiff for destruction all infringing articles (including, without limitation, all labels, advertisements, promotional materials, and brochures) within its possession, custody, or control and immediately discontinue

use of the infringing websites that bear the Defendant's mark or any other designation, symbol, or device that is confusingly similar to the FRICKIN' Marks.

(E) Pursuant to 15 U.S.C. § 1117(a), 78 Okla. Stat. § 54(A), and common law, that Defendant be directed to account to Plaintiff for all gains, profits, and advantages derived from Defendant's wrongful acts, and that Plaintiff recover its actual damages.

(F) Pursuant to 15 U.S.C. § 1117(a), that Plaintiff recover from Defendant the greater of three times the amount of Defendant's profits or any damages sustained by Plaintiff, together with interest on such amount and the costs of this action.

(G) Pursuant to 15 U.S.C. 1117(a) and 78 Okla. Stat. § 54(C), that Plaintiff be awarded reasonable attorney fees based on Defendant's willful conduct constituting an exceptional case under the Lanham Act and willful deceptive trade practices under Oklahoma law, together with all additional remedies available under Oklahoma common law and other statutes pursuant to 78 Okla. Stat. § 54(D).

Respectfully submitted,

/s/ *Chad J. Kutmas*

Adam S. Nightingale* (0079095)
Carrie A. Johnson* (008882)
Claire M. Griffin* (0103662)
**Pending admission pro hac vice*
EASTMAN & SMITH LTD.
One SeaGate, 27th Floor
P.O. Box 10032
Toledo, Ohio 43699-0032
Telephone: (419) 241-6000
Facsimile: (419) 247-1777
Email: asnightingale@eastmansmith.com
cajohnson@eastmansmith.com
cmgriffin@eastmansmith.com

Chad J. Kutmas, OBA # 19505
NORMAN WOHLGEMUTH, LLP
401 S. Boston Ave., Ste. 3200
Tulsa, Oklahoma 74103
Telephone: (918) 583-7571
Facsimile: (918) 584-7846
Email: ckutmas@nwlawok.com

Attorneys for Fricker's Progressive Concepts, Inc., d/b/a Fricker's

**DEMAND FOR JURY TRIAL**

Fricker's hereby demands a jury trial on all issues so triable.

Respectfully submitted,

/s/ *Chad J. Kutmas*
Adam S. Nightingale* (Ohio #0079095)
Carrie A. Johnson* (Ohio #0088882)
Claire M. Griffin* (Ohio #0103662)
**Pending admission pro hac vice*
EASTMAN & SMITH LTD.
One SeaGate, 27th Floor
P.O. Box 10032
Toledo, Ohio 43699-0032
Telephone: (419) 241-6000
Facsimile: (419) 247-1777
Email: asnightingale@eastmansmith.com
cajohnson@eastmansmith.com
cmgriffin@eastmansmith.com

Chad J. Kutmas, OBA # 19505
NORMAN WOHLGEMUTH, LLP
401 S. Boston Ave., Ste. 3200
Tulsa, Oklahoma 74103
Telephone: (918) 583-7571
Facsimile: (918) 584-7846
Email: ckutmas@nwlawok.com

Attorneys for Fricker's Progressive Concepts, Inc., d/b/a Fricker's